Hillsborough,
June, 1897.

## MUNROE *v.* ST. GERMAIN.

A failure to enter a writ in court dissolves an attachment made thereunder.

An officer who has attached a stock of goods and paid the proceeds of a sale thereof to the attaching creditor cannot justify his action, after a dissolution of the attachment, upon the ground that the sale of the property in question by the debtor to the party claiming title thereto was fraudulent as to the attaching creditor for want of a sufficient change of possession.

TROVER, for a stock of goods. Facts found by a referee. August 15, 1895, Cavanaugh & O'Leary sold and delivered the stock of goods to the plaintiff in settlement of their indebtedness to him. Four days later, the defendant, a deputy sheriff, attached the goods as their property upon a writ in favor of one of their creditors and subsequently sold them. The action was not entered in court, but the defendant, by the order of Cavanaugh & O'Leary, paid the proceeds of the sale to the attaching creditor. The defendant, attempting to justify under the attachment, alleged that the sale was fraudulent and void as against Cavanaugh & O'Leary's creditors, because there was not sufficient change of possession. Judgment was ordered for the plaintiff for the amount of the proceeds of the sale, subject to the defendant's exception.

*George W. Prescott* and *Burnham, Brown & Warren,* for the plaintiff.

*Isaac W. Smith* and *Goodwin & George,* for the defendant.

PIKE, J. Assuming that the sale to the plaintiff was fraudulent as to creditors of Cavanaugh & O'Leary, and that the goods were lawfully attached and sold upon the writ, the sheriff had no power over the proceeds of the sale except to hold them for application according to law. P. S., c. 220, s. 42. The plaintiff's title was good as against Cavanaugh & O'Leary, and good as against every one else except attaching creditors. *Jones* v. *Bryant,* 13 N. H. 53; *Hill* v. *Bank,* 45 N. H. 300, 309; *Stevens* v. *Morse,* 47 N. H. 532, 535. The failure to return the writ to court dissolved the attachment, and the sheriff became bound to deliver the proceeds of the sale to the plaintiff. P. S., c. 220, s. 36. He had no authority to pay it to the attaching creditor except upon a levy. No execution has been or can now be had, and the defendant's payment without judgment and levy was unauthorized and is no answer to the present suit.

Under similar circumstances, it has been held in Massachusetts that a sheriff cannot justify under his attachment unless he returns his writ to court. *Wilder* v. *Holden*, 24 Pick. 8, 12; *Russ* v. *Butterfield*, 6 Cush. 242; *Williams* v. *Babbitt*, 14 Gray 141.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.